[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12007

_____

BALWINDER SINGH,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A208-200-407

_____

Before JILL PRYOR, GRANT, and HULL, Circuit Judges.

PER CURIAM:

Balwinder Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") affirmance of the Immigration Judge's ("IJ") (1) denial of his application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief, and (2) denial of his motions for a continuance and change of venue. Singh was represented by counsel before the IJ and the BIA. Singh conceded removability.

After a merits hearing on his application for asylum, withholding of removal, and CAT relief, the IJ found Singh's testimony lacked credibility for multiple reasons. Alternatively, even assuming Singh was credible, the IJ denied the application on several other merits grounds. The BIA affirmed based on the IJ's adverse credibility finding without reaching the other issues.

In his petition for review, Singh contends that the BIA and IJ erred by denying him asylum and withholding of removal based on an adverse credibility finding. We review factual determinations, including credibility determinations, under the substantial evidence test. *Ruiz v. U.S. Att'y Gen.,* 440 F.3d 1247, 1254–55 (11th Cir. 2006). We must affirm if an agency's decision "is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* (quotation marks omitted).

Here, substantial evidence supports the adverse credibility finding. In light of the multiple, significant inconsistencies in

Singh's testimony and the record as a whole, Singh has failed to show that the record compels a finding that he was credible.[1]

Further, under the totality of the circumstances in this particular case, Singh has not shown any reversible error or abuse of discretion in the denials of his motions for a change of venue and a continuance.

**PETITION DENIED.**

---

[1] In his initial brief, Singh makes only passing references to his CAT claim. Accordingly, Singh has forfeited this issue, and we will not discuss it further. *See Kazemzadeh v. U.S. Att'y Gen.,* 577 F.3d 1341, 1352 (11th Cir. 2009). In addition, given the BIA denied Singh's asylum and withholding of removal claims only on credibility grounds, we need not consider Singh's other arguments as to these claims.